Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   Email:*paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**NATALIE WHEELER,**

        **Plaintiff,**          **VERIFIED COMPLAINT**
                                      **AND JURY TRIAL DEMAND**

  **-against-**

                                      **INDEX NO. _____**


                                      **ASSIGNED JUDGE:_____**


**EMERALD PEEK REHABILITATION**
**AND NURSING CENTER,**

        **Defendant.**
-----------------------------------------------------------x

    Plaintiff Natalie Wheeler, by and through her attorney, Paul N. Cisternino, as and for her Verified Complaint, alleges as follows:

## INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3. Plaintiff alleges herein that she was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race, color, and/or national origin, and also victimized by retaliation and an unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and her complaint was dual filed with the New York State Division of Human Rights. The Plaintiff requested and received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

**ALLEGATIONS**

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 54 year-old female of Jamaican national origin who began her employment with Defendant as a Certified Nurse's Assistant in or about 2007, was promoted to Licensed Practical Nurse, a qualification she achieved in or about 2011, and became Charge Nurse in or about 2020.

11. During her approximately fifteen years of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind, except as to any such matters under dispute herein.

12. Upon information and belief, the Plaintiff was subjected to discrimination based on her race, color and/or national origin, subjected to retaliation, and also victimized by an unlawful termination.

13. During the relevant time period, the Plaintiff's immediate supervisor was Marie Kingsley (hereinafter "Kingsley"), a white female; Kingsley apparently had "issues" with Defendant's minority employees generally, and with the Plaintiff, in particular.

14. Kingsley was overly demanding of Defendant's Jamaican employees, unfairly scrutinized and criticized them, and often picked on and belittled the Jamaican employees; she would also become angry for unknown reasons, often viewed any opinion other than hers as an unacceptable challenge to her authority and, for some unknown reason, she negatively characterized the Plaintiff as "outspoken."

15. The Plaintiff was unfairly reprimanded for conducting an "unauthorized investigation," however, this was necessary because the Defendant failed to properly investigate false allegations against the Plaintiff involving patient care and medication protocols; this resulted in the Plaintiff receiving unfounded disciplinary write ups.

16. Sometime in early September 2021, the Plaintiff submitted a statement to the Defendant which described unfair and abusive treatment by MDS Coordinator Mae Pura, behavior about which Plaintiff vehemently objected to; Plaintiff's statement specifically referenced "a continuing pattern of discrimination and harassment" by the Defendant.

17. The Plaintiff was summarily terminated on September 15, 2021, for alleged insubordination.

18. It is the Plaintiff's belief that her termination was unlawful, pretextual, and discriminatory; she was never provided the opportunity to offer an explanation for what allegedly occurred, nor, to Plaintiff's knowledge, was an investigation ever conducted by the Defendant into the circumstances surrounding her termination.

19. Although the Defendant has a written anti-discrimination policy within the employee handbook, they do not properly execute it or enforce its provisions.

20. At the time of her termination, the Plaintiff was making approximately $120,000 per year; since being terminated, the Plaintiff has been unable to obtain suitable replacement employment despite her good faith efforts to do so.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

21. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" as though fully set forth herein.

22. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290

23. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" as though fully set forth herein.

24. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**AS AND FOR A THIRD CAUSE OF ACTION BASED ON NATIONAL ORIGIN UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

25. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" as though fully set forth herein.

26. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION BASED ON NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290**

27. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

31. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as though fully set forth herein.

32. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Natalie Wheeler respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated:  Ossining, New York
        September 15, 2022

                                            Respectfully submitted,

                                            Law Office of Paul N. Cisternino, P.C.
                                            *Attorneys for Plaintiff*

                                            ___*/S/ Paul N. Cisternino*_____
                                            Paul N. Cisternino (PC-0317)

**PLAINTIFF'S VERIFICATION – attached separately**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO. _____

NATALIE WHEELER, Plaintiff

-against-

EMERALD PEEK REHABILIATION AND

NURSING CENTER, Defendant

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

Law Office of Paul N. Cisternino, P.C.
16  Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
*paulcist20@gmail.com*

- **Litigation Back** -