**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

NATALIE WHEELER,

                              Plaintiff,

                    v.

EMERALD PEEK REHABILITATION
AND NURSING CENTER,

                              Defendant.

----------------------------------------------------------------X

Case No.: 22-cv-07886 (KMK) (VR)

**STIPULATION AND PROTECTIVE**
**ORDER REGARDING**
**CONFIDENTIALITY**

       **WHEREAS** the Parties (as defined below) having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

       **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

       1.     All information produced by the Parties in this action shall be subject to the terms and provisions set forth herein.

       2.     The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

          a.     The Parties to this action shall mean (i) Plaintiff, Natalie Wheeler, and any authorized attorney(s) acting on her behalf ("Plaintiff"); and (ii) Defendant, Emerald Peek Rehabilitation and Nursing Center, as well as its employees, representatives, and any authorized agent(s), attorney(s) or other entities or person(s) acting on its behalf ("Defendant").

          b.     "Confidential Information" means any information, not generally available to the public, pertaining to Plaintiff, Defendant, and/or Defendant's employees, clients, consumers, vendors, distributors or business practices, where such information or documents are designated by the producing Party as confidential or contain information not generally and lawfully known to the public at large, including information that is proprietary, a trade secret, or non-public business, commercial, financial, or otherwise sensitive in nature (including records of a personal or intimate nature, such as records of medical and/or psychological treatment). The term "Confidential" applies not only to the materials originally produced by the Parties but also any derivative of such materials, including but not limited to copies, notes, summaries, or other materials containing Confidential Information.

3.    Counsel for any Party may designate any document or information, in whole or in part, as Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in his, her, or its Confidential Information. Designation as Confidential must occur in one of the following ways:

      a.    Information contained in any document (or other physical item) or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy or part of it delivered to the other Party;

      b.    Information set forth in an affidavit may be so designated by including the word "CONFIDENTIAL" in the affidavit;

      c.    Testimony of any witness deposed on oral examination, or a portion thereof, may be designated "Confidential" by making a statement on the record at the deposition or by marking the pertinent portion of the transcript "CONFIDENTIAL" within thirty (30) days of receipt of the transcript and serving a copy of the marked transcript upon the opposing party; or

      d.    It is clear from the content or context that the information is not generally and lawfully known to the public at large.

4.    All transcripts of depositions shall be treated as "Confidential" until the 30-day period expires.  Any portions of a deposition transcript discussing Confidential Information shall automatically be deemed confidential, regardless of designation.  Failure to designate a portion of the deposition as "Confidential" within the 30-day period shall not operate as a waiver of the right to assert such protection, and any portion may later be so designated as "Confidential."

5.    Copies of documents received from third parties pursuant to subpoenas shall be furnished to all counsel to allow the opportunity for a designation, in whole or in part, as "Confidential."  Counsel shall have thirty (30) days to make and deliver such designations, during which time all those documents will be treated as "Confidential."  The failure to designate any such documents as "Confidential" within the 30-day period shall not operate to waive the right to later assert such protection, and any portion may later be so designated as "Confidential."

6.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action and for no other purpose.

7.    In the event a Party challenges or objects to another Party's designation of confidentiality, counsel for the objecting Party shall serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection.  Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is subject to discovery, relevant, or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

8.    Any Party that desires relief from the provisions of this Stipulation and Order or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek

appropriate relief from the Court upon no less than fourteen (14) days' notice to the opposing Party.

        9.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.      The requesting Party (including any officer or employee of any Party necessary to the prosecution or defense of this action) and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

        c.      Representatives of insurance companies of the Parties;

        d.      Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that such third parties are not competitors of Defendant or in any way employed or associated with a facility or enterprise that competes with Defendant, and further provided such person has first executed an Agreement in the form attached to this Stipulation and Order;

        e.      Any witness called to testify at deposition or any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Agreement in the form attached to this Stipulation and Order;

        f.      Stenographers engaged to transcribe depositions conducted in this litigation; and

        g.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

        Notwithstanding the above, nothing shall limit the Party to whom the confidentiality interest belongs from disclosing his, her or its own Confidential Information. Each Party may disclose their own Confidential Information without regard to this Stipulation and Order unless otherwise under an existing duty to another person or entity to refrain from doing so. In addition, the Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

        10.      Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 9(d) or (e) above, counsel must:

        a.      Inform the person of the confidential nature of the information or documents;

        b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Stipulation and Order in the form attached hereto.  Counsel shall retain each signed agreement.

11.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  At any time prior to the trial of this action, the producing person may designate any document or information as "Confidential" by informing all Parties in writing.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

12.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII (or someone with whom the Party shares PII) experiences a data breach, the Party shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach.  Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the failure of the receiving Party, or the third party with whom the receiving Party shares the PII, to appropriately protect PII from unauthorized disclosure.

13.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or other privileged or protected information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Moreover, nothing in this Stipulation and Order shall prevent a Party from withholding production of a document considered privileged (including, but not limited to, on the bases of HIPAA, the attorney-client privilege or attorney work product doctrine) or otherwise protected from production.

14.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.  Any Confidential Information may be filed with the Court without seal if agreed to by the Parties or otherwise ordered by the Court.

15.    This Stipulation and Order shall survive the termination of the litigation.  At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and

in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or, upon permission of the producing person, certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16.     Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

17.     Violations by a person of any terms of this Stipulation and Order may be grounds for actual damages, including other penalties and sanctions in an amount deemed appropriate by the Court.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18.     Pending court approval of this Stipulation and Order, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

SO STIPULATED AND AGREED.

DANIEL FOLCHETTI, ESQ.
VALIANT LAW
*ATTORNEYS FOR PLAINTIFF*
75 S. Broadway, Suite 400
White Plains, New York 10601
(914) 595-6702

Dated:      White Plains, NY
            December 6, 2023

SO ORDERED.

Dated:      White Plains, NY
            December 8  , 2023

DIANE KREBS, ESQ.
JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

Dated:      Melville, NY
            December 6, 2023

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.